TIMOLAT et al. v. PHILADELPHIA PNEUMATIC TOOL CO.

(Circuit Court, S. D. New York.   June 29, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—VACATION OF PRELIMINARY INJUNCTION.
   Where a patent has been several times adjudicated, and its validity sustained by the Circuit Court of Appeals, a motion to vacate a preliminary injunction against infringement, based upon portions of the evidence taken by defendant, will not be entertained before complainant's time to take proofs in rebuttal has expired.

In Equity.   Suit for infringement of patent.   On motion to vacate preliminary injunction.

E. Hayward Fairbanks, for the motion.
John R. Bennett, opposed.

LACOMBE, Circuit Judge.   The patent in suit has been several times before the courts, and sustained in the face of vigorous opposition.   It was last considered by the Court of Appeals in this circuit in a suit by these plaintiffs against the Franklin Boiler Works Co. (122 Fed. 69).   The tool claimed to be an infringement in that cause was made by the defendant here, and said defendant conducted the defense. Upon the rendition of opinion by the Court of Appeals, injunction pendente lite was granted in the case at bar.   Thereupon complainants put in their prima facie proofs, and defendant subsequently took its proofs in answer.   They are voluminous, defendant's record comprising over 400 printed pages.   Immediately upon closing its proofs, and before complainants' time to take proofs in rebuttal had expired, defendant moved to vacate the injunction upon selected portions of the answering proofs, specifying the parts thus selected in the notice of motion.   No precedent for such practice is referred to, and it is not one which commends itself to the court.   To allow defendant to prepare and present an elaborate defense, dependent largely on the oral testimony of witnesses as to transactions which took place 20 years ago, and then to move upon its case thus made, or rather on selected parts thereof, before complainants have had the time which the rules and practice insure them to reply to such defense by testimony similarly taken, seems manifestly unfair.   Defendants refer to a decision of this court in which it is said that the granting of an injunction pendente lite, under the circumstances of that case, "is without prejudice to a motion to dissolve the injunction should defendant be able to produce any prior patents or publications which may indicate that the novelty or patentable invention of the complainant's appliance is fairly questionable."   Fuller v. Gilmore (C. C.) 121 Fed. 129.   In the Fuller Case, however, the patent had never been adjudicated.   Where it has been, the only prior patents and publications to be considered on a motion to dissolve are such as were not before the courts which have already sustained the patent.   Conceding the propriety of moving to dissolve on such new documentary evidence in advance of final hearing, it may be noted that, although the notice of motion refers to five patents, one only of them (Leach 271, 480, January 30, 1883) is wholly new; all the others were before the court in

one or other of the former litigations, assuming the accuracy of the statement of complainants' counsel that the Sharpneck patent was in evidence in the Standard Case, the record in the latter case not being at hand. This second Leach patent, considered by itself, does not indicate that prior decisions would have been different had it appeared in prior records. The defendant's expert has given testimony, direct and cross, as to its bearing on the questions here presented. When the complainants shall have had opportunity to answer such testimony and complete their proofs, the court at final hearing may appropriately consider the whole case, but upon the fragmentary record now presented the motion to dissolve preliminary injunction should be denied.